Lisbeth B. Merrill, (SBN 201822)
INTELINK LAW GROUP, PC
23 Corporate Plaza Dr., Suite 150
Newport Beach, California 92660
Telephone: (949) 401-7220
Facsimile: (949) 800-6006
lmerrill@intelinklaw.com

Attorney for Plaintiff Pollen Gear, LLC

# THE UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POLLEN GEAR, LLC | Case No. 2:21-cv-01875 |
| Plaintiffs, | **COMPLAINT FOR DESIGN PATENT INFRINGEMENT** |
| v. | **DEMAND FOR JURY TRIAL** |
| CANNDESCENT LLC AKA FIORE MANAGEMENT LLC; FLAGSHIP RETAIL, INC; CANNDESCENT, MBC; LIGHT EFFECT APPAREL, LLC AND LMG LOGISTICS, INC | |

Plaintiff POLLEN GEAR, LLC ("POLLEN GEAR") files this Complaint for Design Patent Infringement and Demand for July Trial against Defendants CANNDESCENT, LLC AKA FIORE MANAGEMENT LLC ("CANNDESCENT"), FLAGSHIP RETAIL, INC. ("FLAGSHIP"), CANNDESCENT, MBC ("CANNDESCENT MBC"), LIGHT EFFECT APPAREL, LLC ("LIGHT EFFECT") and LMG LOGISTICS, INC ("LMG") (collectively "DEFENDANTS") and alleges as follows:

## THE PARTIES

1.   POLLEN GEAR is a limited liability company organized under the laws of the State of Delaware with a principal place of business in Boca Raton, Florida.

2.   CANNDESCENT LLC is a California limited liability company also known as FIORE MANAGEMENT LLC with its principle place of business in Santa Barbara, California. CANNDESCENT LLC changed its name to FIORE MANAGEMENT LLC in February 2017.

3.   FLAGSHIP RETAIL, INC. is a California corporation with its principal place of business in Santa Barbara, California.

4.   CANNDESCENT, MBC is a California mutual benefit company with its principal place of business in Santa Barbara, California.

5.   LIGHT EFFECT APPAREL, LLC is Wyoming limited liability company with its principal place of business in Santa Barbara, California.

6.   LMG LOGISTICS, INC. is a California corporation with its principal place of business in Santa Barbara, California.

7.   This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100 et seq. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

## JURISDICTION AND VENUE

8.   This Court has personal jurisdiction over CANNDESCENT, FLAGSHIP, CANNDESCENT MBC, LIGHT EFFECT and LMG because DEFENDANTS, and each of them, regularly conduct business in California and have committed and continue to commit acts of infringement in violation of 35 U.S.C. § 271 in this judicial district.

9.  Venue is proper in this District under 28 U.S.C. § 1400(b), because CANNDESCENT, FLAGSHIP, CANNDESCENT MBC and LMG each reside in this judicial district, and also because DEFENDANTS, and each of them, have a regular and established place of business in this judicial district and have committed acts of infringement in this judicial district.

## POLLEN GEAR'S DESIGN PATENTS

10. POLLEN GEAR is the sole owner of all rights, title, interest in **United States Patent No. D842,700** entitled "Jar" duly and legally issued by the United States and Patent & Trademark Office (the "USPTO") on March 12, 2019 (the **"'700  Design Patent"),** in **United States Patent No. D909,207** entitled "Jar with cap" duly and legally issued by the United States and Patent & Trademark Office (the "USPTO") on February 2, 2021 (the **"'207 Design Patent"**), and in **United States Patent No. D899,247** entitled "Access-resistant holder" duly and legally issued by the United States and Patent & Trademark Office (the "USPTO") on October 20, 2020 (the **"'247 Design Patent"**) (collectively referred to as the "Design Patents").  A true and correct copy of the '700 Design Patent is attached as **Exhibit A** and is incorporated herein by reference.  A true and correct copy of the '207 Design Patent is attached as **Exhibit B** and is incorporated herein by reference.  A true and correct copy of the '247 Design Patent is attached as **Exhibit C** and is incorporated herein by reference.

11. POLLEN GEAR has been the sole owner of each of these Design Patents since their issuance.  The Design Patents are each valid and enforceable.

## FACTUAL BACKGROUD

12.  POLLEN GEAR is a leading producer of premium, patented and customizable child-resistant packaging solutions.

13. POLLEN GEAR is a sister company of Warehouse Goods, LLC which was  previously  known  as  Warehouse  Goods  Inc.,  both  of  which  are  wholly  owned

subsidiaries of Greenlane Holdings, LLC.  In February 2017, Warehouse Goods Inc. entered into a Mutual Confidentiality Agreement with CANNDESCENT and CANNDESCENT MBC ("MCA"). A true copy of such agreement is attached hereto as **Exhibit D** and incorporated herein by reference.

14.  Pursuant to the MCA in 2017, POLLEN GEAR disclosed to CANNDESCENT and CANNDESCENT MBC the design for its child resistant "Button Box" and for its child resistant "HiLine" glass jar.

15. In 2017, 2018, and 2019, FIORE MANAGEMENT repeatedly purchased POLLEN GEAR's HiLine glass jar and the Button Box as part of the packaging for product marketed under the brand "Canndescent". These orders for the HiLine glass jar and Button Box ceased in approximately November 2019.

16. In or about January 2020, POLLEN GEAR learned that the "Canndescent" brand was being sold in button boxes and glass jars purchased not from POLLEN GEAR, but rather from another source using POLLEN GEAR's designs. POLLEN GEAR had a conversation on January 10, 2020 with CANDESCENT's CEO, Adrian Sedlin, followed by an email on January 12, 2020 providing notice of the infringement of the '700 Design Patent and the improper use of POLLEN GEAR's designs.

17. On or about November 18, 2020, CANNDESCENT reached out to POLLEN GEAR's sales person asking for only lids, but no glass jars, stating their international supplier was having shortages.

18. On December 20, 2020, POLLEN GEAR sent a letter regarding the continued infringement of its intellectual property including the '700 Design Patent, U.S. Patent Application No. 29/685,913 which issued as the '207 Design Patent, and the '247 Design Patent.

19. To date, "Canndescent" brand product continues to be manufactured, marketed and sold in jars and boxes of POLLEN GEAR's design.

20. The "Canndescent" brand website displaying "Canndescent" brand products was previously owned based upon the terms and conditions, by CANNDESCENT MBC and is presently owned by FLAGSHIP.

21. The "Canndescent" trademarks at the United States Patent and Trademark Office and in Nevada are registered to LIGHT EFFECT.

22. LMG is listed on the outer packaging of the product sold in infringing designs.

**FIRST COUNT**

**(Design Patent Infringement of U.S. Patent No. D842,700 under 35 U.S.C. §271)**

**Against All Defendants**

23. POLLEN GEAR repeats and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

24. CANNDESCENT, FLAGSHIP, CANNDESCENT MBC, LIGHT EFFECT and LMG have infringed and continue to infringe the '700 Design Patent by manufacturing, using, selling, offering for sale and/or importing into the United States infringing products as identified in this Complaint.

25. Such infringing products include at least the Canndescent brand "Signature Orange Box" and "Limited Edition Gift Sets" in which the "Ultra-Premium Flower" is packaged in child resistant glass jars (the "Canndescent Jar").

26. Below is a comparison between the Canndescent Jar and the '700 Design Patent based upon some of the most relevant infringed upon claims.

| '700 Design Patent | Canndescent Jar |
|---|---|
|  | |



FIG. 8

27. The Canndescent Jar design is an identical and/or nearly identical copy of POLLEN GEAR's design. The Canndesent Jar uses the same or substantially the same design claimed in the '700 Design Patent. The resemblances between the patented and accused design is such as to deceive an ordinary observer.

28. CANNDESCENT and CANNDESCENT MBC had actual notice of the '700 in as early as January 10, 2020.

29. Further DEFENDANTS were aware the design belongs to POLLEN GEAR because DEFENDANTS purchased POLLEN GEAR's glass jar design for "Canndescent" brand products from 2017 through most of 2019.

30. Further, CANNDESCENT received additional notice of the infringement by letter dated December 22, 2020.

31. Plaintiff is informed and believes FLAGSHIP, LIGHT EFFECT and LMG also had actual notice of the '700 in as early as January 10, 2020.

32. Despite notice of infringement of the '700 Design Patent, DEFENDANTS continue to infringe by making, using, offering for sale, selling and/or importing Canndescent brand products sold in packaging infringing upon POLLEN GEAR'S designs.

33. As a direct and proximate result of DEFENDANTS' aforesaid acts of patent infringement, POLLEN GEAR has suffered damages and will continue to suffer damages.

34. Upon information and belief, DEFENDANTS' acts constitute knowing, intentional and willful infringement of the '700 Design Patent. Upon information and belief, DEFENDANTS infringed the '700 Design Patent with reckless disregard of POLLEN GEAR'S rights, and DEFENDANTS knew, or it was so obvious that DEFENDANTS should have known, that their actions constituted infringement of the '700 Design Patent. Accordingly, POLLEN GEAR seeks enhanced damages pursuant to 35 U.S.C. §284.

35. POLLEN GEAR is entitled to the relief provided by 35 U.S.C. §§ 1 et seq., including monetary damages pursuant to 35 U.S.C. §§ 284 and 289, an order enjoining DEFENDANTS from continuing to infringe the '700 Design Patent pursuant to 35 U.S.C. § 283, and reasonable attorneys' fees for the necessity of bringing this claim pursuant to 35 U.S.C. § 285. POLLEN GEAR will be irreparably harmed if DEFENDANTS not enjoined from infringing.

## SECOND COUNT

## (Design Patent Infringement of U.S. Patent No. D909,207 under 35 U.S.C. §271)

## Against All Defendants

36. POLLEN GEAR repeats and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

37. CANNDESCENT, FLAGSHIP, CANNDESCENT MBC, LIGHT EFFECT and LMG have infringed and continue to infringe the '207 Design Patent by manufacturing, using, selling, offering for sale and/or importing into the United States infringing products as identified in this Complaint.

38. Such infringing products include at least the Canndescent brand "Signature Orange Box" and "Limited Edition Gift Sets" in which the "Ultra-Premium Flower" is packaged in child resistant glass jars with lid (the "Canndescent Jar and Lid").

39. Below is a comparison between the Canndescent Jar and Lid and the '207 Design Patent based upon some of the most relevant infringed upon claims.

| **'207 Design Patent** | **Canndescent Jar and Lid** |
| --- | --- |
|  FIG. 2 | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14



**FIG. 3**

15
16
17
18
19
20
21
22
23
24
25
26



**FIG. 7**

27
28

40. The Canndescent Jar and Lid design is an identical and/or nearly identical copy of POLLEN GEAR's design. The Canndesent Jar and Lid is the same or substantially the same design claimed in the '207 Design Patent. The resemblances between the patented and accused design is such as to deceive an ordinary observer.

41. DEFENDANTS were aware the design belongs to POLLEN GEAR because DEFENDANTS purchased POLLEN GEAR's glass jar and lid design for "Canndescent" brand products from 2017 through most of 2019.

42. Further, CANNDESCENT received additional notice of the infringement of U.S. Patent Application No. 29/685,913 which issued as the '207 Design Patent by letter dated December 22, 2020.

43. Plaintiff is informed and believes FLAGSHIP, LIGHT EFFECT and LMG also had actual notice of U.S. Patent Application No. 29/685,913 which issued as the '207 Design Patent as early as December 22, 2020.

44. Despite notice of infringement of the '207 Design Patent, DEFENDANTS continue to infringe by making, using, offering for sale, selling and/or importing Canndescent brand products sold in packaging infringing upon POLLEN GEAR'S designs.

45. As a direct and proximate result of DEFENDANT's aforesaid acts of patent infringement, POLLEN GEAR has suffered damages and will continue to suffer damages.

46. Upon information and belief, DEFENDANTS' acts constitute knowing, intentional and willful infringement of the '207 Design Patent. Upon information and belief, DEFENDANTS infringed the '207 Design Patent with reckless disregard of POLLEN GEAR'S rights, and DEFENDANTS knew, or it was so obvious that DEFENDANTS should have known, that their actions constituted infringement of the '207 Design Patent.

Accordingly, POLLEN GEAR seeks enhanced damages pursuant to 35 U.S.C. §284.

47. POLLEN GEAR is entled to the relief provided by 35 U.S.C. §§ 1 et seq., including monetary damages pursuant to 35 U.S.C. §§ 284 and 289, an order enjoining DEFENDANTS from continuing to infringe the '207 Design Patent pursuant to 35 U.S.C. § 283, and reasonable attorneys' fees for the necessity of bringing this claim pursuant to 35 U.S.C. § 285. POLLEN GEAR will be irreparably harmed if DEFENDANTS not enjoined from infringing.

**THIRD COUNT**

**(Design Patent Infringement of U.S. Patent No. No. D899,247 under 35 U.S.C. §271)**

**Against All Defendants**

48. POLLEN GEAR repeats and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

49. CANNDESCENT, FLAGSHIP, CANNDESCENT MBC, LIGHT EFFECT and LMG have infringed and continue to infringe the '247 Design Patent by manufacturing, using, selling, offering for sale and/or importing into the United States infringing products as identified in this Complaint.

50. Such infringing products include at least the Canndescent brand "Pre-Roll" products in 6 packs also known as "Pre-Roll Flights" and Canndescent brand vape pens, each sold in a child resistant button box (the "Canndescent Button Box").

51. Below is a comparison between the Canndescent Button Box and the '247 Design Patent based upon some of the relevant infringed upon claims.

| '247 Design Patent | Canndescent Button Box |
|---|---|
|  FIG. 1 |  |
|  FIG. 2 |  |



FIG. 7

FIG. 5

FIG. 13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



FIG. 8

FIG. 3

FIG. 11



FIG. 4

FIG. 6

FIG. 9

FIG. 10

FIG. 12



FIG. 14

FIG. 15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



FIG. 16

FIG. 17



FIG. 18

52. The Canndescent Button Box is an identical and/or nearly identical copy of POLLEN GEAR's design. The Canndescent Button Box uses the same or substantially the same design claimed in the '247 Design Patent.  The resemblances between the patented and accused design is such as to deceive an ordinary observer.

53.  DEFENDANTS were aware the design belongs to POLLEN GEAR because DEFENDANTS purchased POLLEN GEAR's Button Box design for "Canndescent" brand products from approximately 2018 through most of 2019.

54.  CANNDESCENT and CANNDESCENT MBC received drawings for the POLLEN GEAR Button Box design pursuant to the MCA at least as early as December 2018 which limited use of the design as permitted thereunder.

55. Further, CANNDESCENT and CANNDESCENT MBC had notice of POLLEN GEAR's ownership claim to the Button Box design from January 2020 cease and desist communications.

56. CANNDESCENT received an additional notice of the infringement by letter dated December 22, 2020.

57. Plaintiff is informed and believes FLAGSHIP, LIGHT EFFECT and LMG also had actual notice of the '247 in as early as January 10, 2020.

58. Despite notice of infringement of the '247 Design Patent, DEFENDANTS continue to infringe by making, using, offering for sale, selling and/or importing Canndescent brand products sold in packaging infringing upon POLLEN GEAR'S designs.

59. As a direct and proximate result of DEFENDANT's aforesaid acts of patent infringement, POLLEN GEAR has suffered damages and will continue to suffer damages.

60. Upon information and belief, DEFENDANTS' acts constitute knowing, intentional and willful infringement of the '247 Design Patent. Upon information and belief, DEFENDANTS infringed the '247 Design Patent with reckless disregard of POLLEN GEAR'S rights, and DEFENDANTS knew, or it was so obvious that DEFENDANTS should have known, that their actions constituted infringement of the '247 Design Patent. Accordingly, POLLEN GEAR seeks enhanced damages pursuant to 35 U.S.C. §284.

61. POLLEN GEAR is entitled to the relief provided by 35 U.S.C. §§ 1 et seq., including monetary damages pursuant to 35 U.S.C. §§ 284 and 289, an order enjoining DEFENDANTS from continuing to infringe the '247 Design Patent pursuant to 35 U.S.C. § 283, and reasonable attorneys' fees for the necessity of bringing this claim pursuant to 35 U.S.C. § 285. POLLEN GEAR will be irreparably harmed if DEFENDANTS not enjoined from infringing.

## **DEMAND FOR JURY TRIAL**

62. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, and Local Rule 38- 1, Plaintiff hereby demands trial by jury.

1

2

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for judgment as follows:

1. An entry of judgment that DEFENDANTS have infringed upon each the '700 Design Patent, the '207 Design Patent and the '247 Design Patent in violation of 35 U.S.C. § 271;

2. Judgment that DEFENDANTS' infringement of the 700 Design Patent, the '207 Design Patent and the '247 Design Patent is willful, deliberate, and intentional;

3. An order directing DEFENDANTS to account for and pay to POLLEN GEAR all damages adequate to compensate for DEFENDANTS' infringement in an amount to be determined at trial, but not less than a reasonable royalty or DEFENDANTS' profits, under 35 U.S.C. §§ 284 or 289;

4. An order trebling damages awarded to POLLEN GEAR and/or awarding exemplary damages to the extent DEFENDANTS' infringement of the '700 Design Patent, the '207 Design Patent and the '247 Design Patent is determined to have been willful under 35 U.S.C. § 284;

5. An order deeming this to be an "exceptional case" and thereby directing DEFENDANTS, and each of them, to pay POLLEN GEAR's costs, expenses, and reasonable attorney's fees, pursuant to 35 U.S.C. § 285;

6. An order requiring DEFENDANTS to pay POLLEN GEAR supplemental damages or profits for any continuing post-verdict infringement up until entry of the final judgment, with an accounting, as needed;

7. An award to POLLEN GEAR of pre-judgment interest on the damages caused by DEFENDANTS' infringement at the maximum allowable rates under the law;

8.  An order permanently enjoining DEFENDANTS, and each of them, and their subsidiaries, officers, agents, servants, employees, licensees, and all other persons acting or attempting to act in active concert or participation with DEFENDANTS or acting on DEFENDANTS' behalf, from further infringement of the '700 Design Patent, the '207 Design Patent and the '247 Design Patent pursuant to 35 U.S.C. § 283; and

9.  Such other and further relief as the Court may deem just and proper.


INTELINK LAW GROUP, PC


By: _____
      Attorney for Plaintiff
      POLLEN GEAR, LLC